ROBERT M. PADEN

*v.*

STATE OF ILLINOIS.

*Opinion filed January 19, 1921.*

GOVERNMENTAL FUNCTION—*the State not liable when exercising governmental function.* The State is not liable for injuries sustained by its employees while in the discharge of their duty. (*Morrissey* v. *State*, 2-C. C. 254, followed.)

SAME—*an employee of State assumed risk.* A guard or keeper at a State Penitentiary assumes all risk and hazards of his employment.

WORKMAN'S COMPENSATION ACT—*claim not within provisions of Act.* The claim does not come within the provision of Section Three (3) of Workman's Compensation Act.

Edward J. Brundage, Attorney General, for State.

There is no dispute about the facts in this case, the Attorney·General admitting that the statement of facts made by claimant's attorneys in their Brief and Argument, is substantially true.

The claimant, while employed as guard and keeper at the Illinois State penitentiary, at Joliet, on March 13th, 1919, was attacked by Lewis Young, a convict in the penitentiary and was cut about the head and neck, and across the back, and on the arm, with a razor, receiving something like eighteen or twenty gashes. The attack was without the fault of claimant, and as a result of the injuries received, he was taken to the hospital and received medical treatment, the expense of same of which was paid by the State, but claimant paid out about $200.00 for medical services. Claimant is forty-seven years old and unmarried, and had been a strong and healthy man. He lost considerable time from his employment on account of these injuries, and claims that he is now permanently disfigured, and should receive compensation therefor.

We cannot agree with the contention of claimant's counsel that this claim comes under the provisions of the Workmens' Compensation Act, and that the State is liable under section three of said Act, on account of maintaining a structure. This Court has repeatedly held that the State, in conducting the State penitentiary at Joliet, is exercising a governmental function, and is not liable for injuries received by employees therein.

"*Morrissey* v. *State,* Vol. 2 Court of Claims, 267.

"*Taylor* v. *State,* Vol. 2, Court of Claims, 243.

In the case of *North Administrator* v. *The Board of Trustees of the University of Illinois,* 201 Ill., App. 449, the Court held that the Workmens' Compensation Act did not apply to the University of Illi-

nois, because the University was not engaged in any of the kinds of enterprises named in section three of said Act.

If the State was not engaged in maintaining a structure at the University of Illinois, it cannot be said that it was so engaged in conducting the State penitentiary at Joliet.

We are of the opinion that there is no liability on the part of the State for damage for claimant's injuries, or for loss of time, or money paid out for medical services, as in accepting employment as a guard at the State penitentiary, he assumed all the risks and hazards of such employment.

The claim is therefore rejected.

As a matter of social justice and equity, and in view of the injuries sustained, even though the State is not liable for damages, after considering all the facts in the case, this Court would recommend that if the Legislature sees fit, it appropriate the sum of one thousand dollars ($1,000.00) for claimant.